J. C. KISKADDON, ADM'R OF ESTATE OF G. G. REINIGER, DEC'D, Appellant, *vs.* STEPHEN M. JONES, Respondent.

1. *Practice, civil—Allegata probata—Judgment based on evidence, but not pleadings—Execution—Levy—Exemption — Sheriff, action against.* — In action against a sheriff for failure to make a levy, where judgment is given for defendant, on evidence showing that the property was exempt under the execution law, but such exemption is not set up as a defense by the pleadings, the cause will be reversed.

2. *Sheriff, action against—Failure to levy—Damages—Proof as to.*—Before plaintiff in an action against a sheriff for failure to levy can recover, he must show that he has been damaged in consequence of defendant's wrongful neglect to do his duty.

*Appeal from Franklin Circuit Court.*

*J. C. Kiskaddon, pro se*, cited : Boone Co. vs. Lowry, 9 Mo. 23 ; Currier vs. Lowe, 32 Mo. 369 ; Edwards vs. Giboney, 51 Mo. 129 ; Huston vs. Forsyth Scale Works, 56 Mo. 416 ; Eddy vs. Baldwin, 32 Mo. 369 ; Green vs. Gallagher, 35 Mo. 226 ; Weaver vs. Hendrick, 30 Mo. 502 ; Atterbury vs. Powell, 29 Mo. 429 ; Nelson vs. Brodhack, 44 Mo. 596 ; Wagn. Stat. p. 605, § 16 ; Dains vs. Proper, 32 Barb. 290 ; Baker vs. Brintnall, 52 Barb. 188 ; State vs. Romer, 44 Mo. 99 ; Kneettle vs. Newcomb, 22 N. Y. 249 ; Rohr. Jud. Sales, § 1103 ; Helfenstein vs. Cave, 3 Iowa, 290 ; C. J. Waite in 1 Cent. Law Jour. 318 ; Weaver's Appeal, 18 Penn. St. [6 Har.] 307 ; Brant's Appeal, 20 Penn. St. [8 Har.] 141 ; Borland v. O'Neal, 22 Cal. 504 ; 25 Penn. St. 182 ; 21 Id. 210 ; 23 Cal. 78 ; Veazie vs. China, 50 Me. 518 ; Wendell vs. Durkin, 26 Wis. 390 ; Milford vs. Orono, 50 Me. 529 ; Martin vs. Mayor, 1 Hill, 545 ; Cook vs. Scott, 1 Gilman, 333 ; Elliott vs. Whitmore, 5 Mich. 532, 536.

*Halligan, with Flanagan*, for Respondent, cited: 13 Mo. 360 ; Corby vs. Taylor, 33 Mo. 394 ; Rainey vs. Edmondson, 33 Mo. 375 ; Wagn. Stat. §§ 9, 11, pp. 603, 604 ; State vs. Farmer, 21 Mo. 160 ; Megehe vs. Draper, 21 Mo. 510 ; Mahan vs. Scruggs, 29 Mo. 282 ; Taylor vs. Wimer, 30 Mo. 126 ; State vs. Romer, 44 Mo. 99 ; Stevenson vs. Judy, 49 Mo. 227.

WAGNER, Judge, delivered the opinion of the court.

This was an action instituted against the defendant as sheriff of Franklin county, under the provisions of section 63 of the law in relation to executions, for making a false return on an execution, charging that he levied upon certain property, and then released the same without a sale, and returned the writ unsatisfied for want of property whereon to make the debt.

From the record it appears that plaintiff recovered judgment against one Frederick Dohr, for the sum of $383.87, and costs, upon which an execution was issued, directed to the defendant, who was sheriff. The plaintiff ordered the defendant to levy the execution upon a small lot of merchandise as the property of the execution debtor. The defendant proceeded to make the levy, whereupon one Johanna Dohr, the wife of the execution debtor, claimed the goods as her own property. The defendant then demanded of the plaintiff an indemnity bond, which he refused to give, on the ground that the claimant was the wife of the debtor, and directed the defendant to proceed with the sale.

The defendant set up in his answer that he made the levy upon the merchandise according to the directions of the plaintiff; that Johanna Dohr, a person other than the execution debtor, gave him notice that she claimed the property as her own, and that thereupon he informed the plaintiff of the claim, and requested him to give an indemnifying bond as the statute required, but plaintiff refused to give bond, and, in consequence thereof, the defendant released the levy.

There was a replication to the answer in which, after denying certain things set forth therein, it was averred that the claimant was the wife of the execution debtor, and this was a conceded fact throughout the whole case. The only issue raised by the pleadings was, as to whom the property levied upon belonged to, and whether the defendant was justified in releasing the levy when the plaintiff refused to execute the bond of indemnity. There was a finding and a judgment for defendant.

The evidence showed that Johanna, the claimant, was the wife of the execution debtor, and that she carried on a small store in

her name.  Where the money came from with which the stock was originally purchased, did not appear.  Her husband was a painter and worked the most of the time in St. Louis, at his trade, but occasionally came home and staid with his family.  The court refused all the declarations that the wife possessed a separate estate, which she could legally claim against her husband's creditors, and that position was really abandoned in the court below, and is not insisted upon here.

But the defendant, against the objection of the plaintiff, was permitted to prove that all the property possessed by the execution debtor or his wife, did not exceed in value one hundred and fifty dollars, and hence, it was contended that it was exempt from execution under the statute.  It was upon this ground that the verdict and judgment were based.  It is plain that no such issue was raised, and the judgment was founded upon a defense not made by the answer, or comprehended within the pleadings.  The notice was that Johanna claimed the property absolutely as her own, in her own right.  The only defense set up, or justification urged for releasing the levy was, that the property was claimed by some other person than the execution debtor, and that the plaintiff refused to give the statutory bond of indemnity.  The question of exemption under the statute was nowhere raised or put in issue by the pleadings, and was therefore inadmissible. That the property was exempt from levy and sale under execution, according to the testimony admitted, is undeniable.  It was the duty of the sheriff to inform the defendant in the execution of his rights before making the levy, and if he proceeded to sell property not subject to execution, he rendered himself liable for damages as a trespasser.  The defendant could only execute the writ by levying upon and selling property that was liable to execution, and before the plaintiff could recover it would devolve upon him to show that he had sustained damages in consequence of defendant's wrongful neglect to do his duty.  (Wagn. Stat. p. 614, §§ 63, 64 ; Stevenson vs. Judy, 49 Mo. 227.)  But to make the defense available on which the cause was tried, it should be set up in the answer, and made an issue in the pleadings.

The judgment will therefore be reversed and the cause remanded for further proceedings in conformity with this opinion.   All the judges concur.