Nichols, Shepherd & Co., *Appellants*, v. Larkin.

1. **Conditions**: PLEADING: EVIDENCE. Upon a plea of compliance with a condition precedent, evidence will not be admitted to show that the condition was waived.

2. ———: WARRANTY; AGENCY: WAIVER. Plaintiffs sold defendants machinery, warranting its work, and stipulating that if it failed to operate well defendants should notify plaintiffs and their local agent in writing, so as to give opportunity to correct the defect. *Held*, that this stipulation constituted a condition precedent, that compliance with it was necessary in order to hold plaintiffs on their warranty, that an agreement by a sub-agent of plaintiffs to give the requisite notice did not relieve defendants from its binding force, and that notice given by the sub-agent to the agent (but not to the principal) did not amount to a compliance.

*Appeal from Lafayette Circuit Court.*—HON. WM. T. WOOD, Judge.

REVERSED.

*Wallace & Chiles* for appellants.

*A. Graves* and *A. F. Alexander* for respondents.

PHILIPS, C.—Plaintiffs below, and appellants here, a corporation, sued defendants, respondents here, on a contract in the form of a promissory note, for the sum of $167.50, dated July 6th, 1878, payable on or before the 1st day of October, 1878, with interest at ten per cent per annum from date, and if paid on or before maturity a discount of $6.70 was to be made.

The answer admitted the allegations of the petition; and for matter of special defense pleaded that the consideration of said note was a certain machine for threshing and cleaning wheat and seeds, consisting of a separator, to be driven by tumbling rod and gear, etc., also of one sixteen-foot straw stacker complete, etc., also one of plaintiffs' improved Woodberry spur-speed mounted horse powers, for ten horses, with certain described attachments; that the contract therefor was made on the 23rd day of May, 1878, to be delivered on or about the 25th day of June, 1878, at Concordia, Missouri—the whole consideration for which was four several promissory notes for $167.50, payable respectively on October 1st and December 1st, 1878, and October 1st and December 1st, 1879. The answer further alleged that by said agreement it was stipulated among other things, that if defendants failed to make said machine operate well, defendants were to give notice to Deere, Mansur & Co., the dealers at Kansas City through whom they purchased the machine, and also to the plaintiffs at Battle Creek, Michigan, in writing, and if the fault was in the machine the same was to be taken back, or the defective parts repaired by plaintiffs and the machine made to conform to others of plaintiffs which could operate well. The answer averred certain defects in the operation of the machine; and that " on the 9th day of July, 1878, the defendants duly notified the plaintiffs and their said agents, in writing, of the deficiency in said machine, but that plaintiffs neglected their duty in that respect."

The reply denied the defects in the machine and spe-

cifically denied the giving of the notice as alleged in the answer, and pleaded various neglects of defendants in complying with the requirements of the contract.

The defendants put in evidence a memorandum of contract between the plaintiffs and the firm of Deere, Mansur & Co., of Kansas City, Missouri, by which the plaintiffs residing at Battle Creek, state of Michigan, constituted Deere, Mansur & Co. their agents, within a specified territory, for the sale of such machines. Deere, Mansur & Co. were authorized to appoint sub-agents, and to use their best endeavors to sell as many of said machines as possible to good parties upon such terms, etc., as are named in said Nichols, Shepherd & Co.'s printed circulars of terms, or as said Nichols, Shepherd & Co. may from time to time advise. Also a contract between plaintiffs and Thieman Bros., of Concordia, Lafayette county, Missouri, by which plaintiffs agreed to furnish the latter machines, during and until the 1st day of November, 1878, to be sold on commission on certain conditions therein specified, among which were that plaintiffs should furnish them circulars and orders and to furnish machines if taken in conformity with the terms of this agreement. The seventh section of this agreement is as follows: "The party of the second part agrees to sell said machines, subject only to the regular printed warranty contained in the blank orders for this year, furnished by the parties of the first part, and will not permit a machine to be returned, nor refund any payment to a purchaser until due notice has been given the said party of the first part, and their written consent obtained." Also the contract of purchase of the machine in controversy between defendants and Deere, Mansur & Co., of date of May 23rd, 1878, by which they directed said Deere, Mansur & Co. to ship to them at Concordia, Missouri, in care of said Thieman Bros. one of said machines, certifying in said order in writing that they agreed to receive the machine subject to all the conditions of the warranty printed below on said order, by giving their notes in payment therefor, as hereinbefore ex-

pressed in the answer. The warranty referred to contained the following provisions: "This machine is ordered, purchased and sold, subject to the following express warranty and agreement: That with good management it is capable of doing a good business in threshing and cleaning grain, and is superior to any other kind of machine or to any 'endless apron' thresher manufactured in the United States in its adaptation for separating and saving from the staw the various kinds and conditions of grain and seeds with less waste, less litterings and less detention from wet or bad conditioned straw or wet weather, conditioned that upon starting this machine the undersigned purchasers shall intelligently follow the printed hints, rules and directions of the manufacturers, and if by so doing they are unable to make it operate well, written notice, stating wherein it fails to satisfy the warranty, is to be immediately given by the undersigned purchasers to the dealer through whom purchased and also to Nichols, Shepherd & Co., Battle Creek, Michigan, and reasonable time allowed to get to it and remedy the defect, if any, unless it is of such nature that they can advise by letter." This order with warranty was signed by defendants under seal.

At the trial it was agreed by the defendants before the court and jury, that the only defects claimed were in the horse power. Defendants offered evidence tending to show defects in the horse power. To this proof plaintiffs objected for the reason that the warranty did not cover such defects in the horse power, and because no such issue is made in the pleadings. Objection overruled and proof admitted.

The evidence further tended to show that one of the Thiemans went to the field where defendants were working the machine and worked on it, trying to rectify the alleged defect; and one of defendants suggested that they had given the machine a fair trial and that it would not work, and now was the time to notify the plaintiffs to take the same back; whereat Thieman said, "You need not bother yourself about the order; I will give it myself; I am Nich-

ols, Shepherd & Co.'s agent." This plaintiffs also objected to because the said Thieman had no power to waive such notice or to change the contract requiring notice to plaintiffs and to Deere, Mansur & Co. There was no other notice given.

The horse power cost about $210. Defendants laid it aside and bought another. Defendants used the horse power to thresh their wheat, and about 800 bushels for a neighbor and 5,000 elsewhere. Defendants got from Thieman certain new parts, etc. The machine was not returned.

Plaintiffs' evidence tended to show that Thieman had no other authority as agent than that expressed in the written contract, and that the machine performed well enough after some rectifying by them; that they furnished a new shaft for the machine, after which they heard no complaint, and had no other notice from defendants of any dissatisfaction. Thieman testified that the notice he agreed to give was to write to Deere, Mansur & Co. to send an expert and notice of defective shaft, and order new one, which he did do.

The instructions asked in this case are unnecessarily voluminous. I shall only present here such as, in my opinion, are pertinent to the points to be decided. The court refused the following asked by plaintiffs :

2. Under the terms of the contract between plaintiffs and defendants there is no warranty concerning the alleged deficiencies in quality and parts of the horse power, and the jury will not allow defendants any damages by reason of such alleged deficiencies.

6. Under the terms of the contract for the purchase of said machinery, both Deere, Mansur & Co. and Nichols, Shepherd & Co. were to be notified in writing of any deficiencies or faults therein, and neither Thieman Bros. nor Lewis Thieman had any right or power to waive such notice, and if they assumed the responsibility of giving such notice they did so as the agents and at the risk of defendants,

and any failure to so give such notice resulted from defendants' own neglect of duty.

7.   If the jury believe from the evidence that after the shaft was put into the horse power by Lewis Thieman the said horse power still failed to work satisfactorily, and defendants still continued to use said machine without giving any notice either to Thieman Bros., Deere, Mansur & Co. or plaintiffs, and affording them thus an opportunity of remedying any further defects, the defendants by such action lost and waived any right they might have had to recover or claim damages therefor of plaintiffs, and the jury will not consider any damages claimed by defendants in this action.

12.   The giving of the notice in writing, stating wherein said machine fails to satisfy said warranty in said agreement specified, to plaintiffs at Battle Creek, Michigan, and to the dealers through whom said machinery was purchased, is a condition precedent to the recovery of any damages claimed on a breach of warranty, and if the jury believe that the defendants did not give such notice to both such parties, then the jury will not consider defendants claim for damages herein.

On behalf of the defendants the court gave, with others, the following instructions:

3.   If the jury believe from the evidence herein that Thieman Bros. were composed of Henry and Lewis Thieman, and that said Thieman Bros. were the agents of plaintiffs, appointed by them for the sale of the machine described in the pleadings herein, in Lafayette county, and that the promissory note herein sued on was executed by defendants in part payment of said machine, and that said machine was bought by defendants for the purpose of threshing wheat, and consisted in part of a horse power, and that said defendants had a lot of horses and men employed for the purpose of threshing out their crop of wheat raised in Lafayette county for 1878, and that said horse power was so defective that it would not do the work for which it was

designed, and that the defendants were not in fault in undertaking to start said machine and make it operate, and that said Lewis Thieman was present with said defendants representing the plaintiffs in undertaking to start said machine, and that at the instance of said Thieman defendants were induced to keep said men and horses upon the ground where said wheat crop was to be threshed during the space of nine days, finding them and paying for their time, and during said nine days said machine would not operate, and further believe from the evidence that said defendants were prevented from sending the written notice required by the warranty offered and read in evidence, by statements made by Thieman that he would send notice, then the defendants are entitled to recover of said plaintiffs the reasonable expense they had incurred by reason of hiring and feeding said horses and men during said nine days, not to exceed the sum of $800.

4. The contract read in evidence between Thieman Bros. and Nichols, Shepherd & Co., through Deere, Mansur & Co., for 1878, constituted said Thieman Bros. agents of plaintiffs for the said year 1878 under said contract.

The jury returned a verdict for defendants against the plaintiffs for $230.70, which was in addition to the amount of plaintiffs' note. Plaintiffs bring the case here on appeal.

This record presents many questions, but as, in my opinion, there are one or two errors of controlling importance it is not necessary to review more. The whole contract between the parties being reduced to writing, the written warranty must control. Its terms have never been varied by any subsequent agreement, nor is there anything in the record to create a waiver or estoppel against its operation. Neither is the warranty an absolute one on the part of the plaintiffs. It is essentially a conditional warranty. One of its express conditions is "that upon starting this machine the undersigned purchaser shall intelligently follow the printed hints, rules and directions of the manufactur-

ers, and if by so doing they are unable to make it operate well, written notice, stating wherein it fails to satisfy the warranty, is to be immediately given by the undersigned purchasers to the dealer through whom purchased, and also to Nichols, Shepherd & Co., at Battle Creek, Michigan, and reasonable time allowed to get to it and remedy the defect, if any, unless it is of such a nature that they can advise by letter." This is a condition precedent to be performed by defendants before any liability whatever attached to plaintiffs. No principle of law is better settled in respect to such conditions in these machine contracts than that they are conditions precedent "to be observed and performed by the purchaser, and he must show a fair and reasonable compliance with the terms of the contract on his part, or he will not be permitted to enforce it against the contractor." *Nichols, Shepherd & Co. v. Hail*, 4 Neb. 210; *Miller v. Nichols, Shepherd & Co.*, 5 Neb. 482; *Bomberger v. Griener*, 18 Iowa 480; *Dewey v. Erie Borough*, 14 Pa. St. 212; *Dermott v. Jones*, 2 Wall. 1, 7.

The answer in this case in effect concedes this, for it pleads said condition, and then explicitly avers that "on the 9th day of July, 1878, the defendants duly notified the plaintiffs and their said agents in writing, of the deficiencies in said machine." The affirmative of this material averment rested, in making proof, on defendants. What was the proof offered and admitted by the court? It was that one of the Thiemans, an agent, waived the giving of this notice by defendants to plaintiffs by consenting to give it for the defendants. This was a clear variance between the allegations of the answer and the proof offered.

1. CONDITIONS: pleading: evidence.

Whatever may have been the rule at common law under such a state of the pleadings, under the code of practice in this State, the pleading must contain a plain and concise statement of the constitutive facts relied on for relief. *Pier v. Heinrichoffen*, 52 Mo. 333. There defendants were sued as indorsers of a promissory note, and the peti-

tion averred presentment, demand at maturity, and notice to defendants. The proof offered in support of this averment was to show an excuse for not making the demand, etc. This the court held was not competent. Ewing, J., who delivered the opinion, said: "Facts and not evidence nor conclusions of law, must be distinctly stated. Facts which dispense with making demand of payment and giving notice to the indorser are as essential to the plaintiff's right of recovery, as the fact that the defendant indorsed the note, etc. And the defendant has the right to controvert the one or the other in his answer. He (the plaintiff) alleges facts, the legal effect of which, if true, could charge the defendant, but he claims that he should be allowed to sustain this allegation by facts of a totally different character, not alleged in his petition, because the same legal consequence would follow."

This doctrine is re-affirmed in the case of *First Nat'l Bank of Burlington v. Hatch*, 78 Mo. 13—MARTIN, C., says: "When the plaintiff in his petition alleges presentment and notice of dishonor, he is not permitted, under our practice act, to prove that the defendant waived such conditions in the absence of proper averments of a waiver." In the answer, in the case at bar, the affirmation is, that defendants gave notice in writing both to plaintiffs and their agents. In support of this defendants undertook to show in effect that the notice to the plaintiffs was not in fact given to them, but that the same was waived by an agent. Unquestionably this was not permissible. *Kiskaddon v. Jones*, 63 Mo. 192.

And even had the averment been made according to the facts sought to be proved by defendants, I am of opinion that it was not sufficient to waive the express contract requiring notice in writing to be given by defendants "to the dealer and also to Nichols, Shepherd & Co.," etc. Why stipulate for notice both to the agent or dealer through whom the purchase was made, and to the plaintiffs, if notice to the agents could

2. ——: warranty: agency: waiver.

suffice ? Defendants contracted under seal to give this no-
tice themselves, and in writing. Can they escape from this
obligation by telling the agent of plaintiffs, who has but
a limited authority at best, of the defect? When they ac-
cepted the naked offer, *ore tenus*, of this local agent, (and
not even the agent through whom they made the purchase)
to perform this act for them, did they not thereby constitute
Thieman their agent to write for them; and if he failed to
do so as he promised them, was not his neglect—his default
—defendants' rather than that of the plaintiffs ? By the
terms of appointment of the Thiemans as agents, which
contract of appointment the defendant put in evidence, it
is plain that these agents had no authority from their prin-
cipals to waive any such stipulation as the one in question.
Where the agency, as in this case, is created by written
instrument, the nature and extent of the agent's authority
must be ascertained from the instrument itself. To bind
the principal, the act of the agent, with few exceptions,
must be within the delegated authority. *Mechanics' Bank
v. Schaumburg*, 38 Mo. 228; *Taylor v. Williams*, 45 Mo. 82,
83; *State v. Bank of Missouri*, 45 Mo. 538.

Defendants' counsel, with creditable industry and learn-
ing, have collected and cited an array of authority illus-
trating the circumstances under which an agent under
limited authority may bind his principal by waiving an
express provision of the contract. But an examination of
this line of decision will show that they are not parallel.
Generally they are cases where the purchaser is ignorant of
the limitation on the agent's authority, and from the gen-
eral course of dealing the principal has allowed the agent
to act toward the public as a general agent seemingly pos-
sessed of ample authority over the subject matter, or cases of
ratification by the principal of a like act, or some similar
circumstance upon which the party in good faith is induced
to act and to deny the agent's authority would operate
practically as a fraud. But in the case at bar none of these
incidents appear. Here the purchasers have expressly stip-

18—79

ulated under their seals, as a condition precedent to any right of recovery on the grounds set up in the answer, that they should give both the dealer and the principals notice, in writing, of the alleged defects. By the very terms of the contract they are notified that the principal—the warrantor—is unwilling to be bound by the notice to the local agent, and therefore the provision for notice to the principals at a designated place and within a specified time. The reason for this is obvious enough if it were necessary to give one to sustain a positive undertaking. It was possibly to guard and protect themselves against the indifference, the neglect and the lack of mechanical skill on the part of local agents, necessary to the rectifying of defects in the working of the machines. By imposing the duty on the purchaser—the party complaining—to notify the manufacturer directly, it insured a greater certainty in his getting the notice, thereby enabling the manufacturer to look to his work and protect the reputation of his machinery. To say, therefore, under such a state of facts that this express provision of a solemn contract can be satisfied by giving this notice to a mere local agent in the field would be to substitute a new contract for the plaintiffs without any new consideration and against his assent. This neither courts nor juries can do.

The court, therefore, erred in refusing instructions requested by plaintiffs presenting the effect of the lack of the required notice in question. And as there is no pretense that this notice was given to plaintiffs, the judgment of the circuit court is reversed and the cause is remanded, with directions to the circuit court to enter up judgment on the pleadings in favor of plaintiffs for the amount of principal and interest due on the note sued on. All concur.