THE SAFETY FUND NATIONAL BANK OF FITCHBURG, MASSACHUSETTS, Appellant, v. THOMAS W. WESTLAKE, Respondent.

Kansas City Court of Appeals, April 19, 1886.

1. .PRACTICE—EVIDENCE—HOW OBJECTED TO.—Objection to the introduction of evidence, to be available, must not be general; the *grounds* of the objection must be specified.

2. ———— VARIANCE—WAIVER BY BOTH PARTIES.—Although there was a clear variance between the averments of the pleading and the proof, still, as both parties treated them as in conformity in the trial below, this court will so treat it here.

3. ———— PLEADINGS—ISSUES —WAIVER—CASE ADJUDGED.—The condition of the warranty in this case was a condition precedent to be performed by defendant before any liability attached to plaintiff. An averment by the answer of a *compliance* by the defendant with the conditions of the warranty did not raise an issue that plaintiff had *waived* such compliance. Such averment did not authorize the introduction of evidence to prove such *waiver*. And the plaintiff had a right to ask the court to submit the case to the jury *without regard to such issue;* and the refusal of it was error.

4. ———— INSTRUCTIONS—ERROR IN.—The issues should be completely, and not *in part*, presented by the instructions ; and if this is not done in a particular instruction, the error is not cured by other instructions which are correct. The inconsistency between the instructions intensifies the error instead of curing it.

APPEAL from Boone Circuit Court, HON. G. H. BURCKHARTT, Judge.

*Reversed and remanded.*

Statement of case by the court.

This action was begun by plaintiff on a contract in the form of a promissory note, executed by defendant on September 9, 1880, for the sum of one hundred and seventy-five dollars, with interest, and also an attorney's fee, if suit should be brought thereon, payable to H. A.

Pitts' Sons Manufacturing Company, and assigned by the said payee to the plaintiff.

The answer made the following defence:

"Defendant further states that on the —— day of ——, 18—, he purchased of said pretended H. A. Pitts' Sons Manufacturing Company, an improved Pitts' thresher, separator and cleaner, with open iron cylinder, to be driven by steam, also one thimble-skein truck wagon with under separator, whiffle-trees, neck-yoke, and one eighteen-foot folding straw stacker complete, and windlass, belts, fixtures and extras attached, at and for the price of $1,375.00, and at the time of the delivery of said machine to defendant, he paid to said pretended company the sum of sixty-five dollars, and that in order to secure the payment of the balance of said purchase price, among others, he executed and delivered to said H. A. Pitts' Sons Manufacturing Company the obligation sued on, and thereafter paid all of said other obligations other than the one sued on; that at the time he purchased said above described machinery as aforesaid, the said H. A. Pitts' Sons Manufacturing Company represented and warranted said machinery to be well made of good material, and capable of doing the work for which it was intended, under proper management, as fast and well as could be done by any other similar machine in use, and as good in all other parts, and would do good work in threshing and separating wheat, and was fit and proper for the purposes for which it was constructed, and that defendant, relying on said representations and warranty purchased said machinery, as aforesaid; that said machinery, and all its parts and attachments, was wholly worthless, and failed to do and perform the work it was represented and warranted to do, as aforesaid, and that by reason of the premises, and of said machinery being worthless, and of no value, as aforesaid, the consideration of the obligation sued on has failed, and that he owes plaintiff nothing, and defendant has been damaged in the sum of one thousand dollars, and for which he asks judgment."

The replication admitted the purchase and warranty, but alleged that defendant had failed to give the notice specified therein, and denied all other allegations contained in the answer.

The defendant introduced in evidence the contract for the purchase of the machine, as alleged in the answer, and as a part of the contract, being attached thereto, a warranty, of which the following is the material part, so far as concerns this report:

"It is further agreed by and between the purchaser and H. A. Pitts' Manufacturing Company, that if the machinery fails to do good work, notice shall be given to the local dealer, through whom it was purchased, and to H. A. Pitts' Sons Manufacturing Company, within five days from date of delivery, and reasonable time allowed to get to it to remedy the defect, if any there be (if it be of such a nature that a remedy cannot be suggested by letter). If they are unable to make it operate well (the purchaser rendering necessary and friendly assistance), and the fault is in the machine, it is to be taken back to the place of delivery, and the payment refunded, or another machine of same make furnished, that will answer the warranty; but if the purchaser fails to make it perform through improper management or want of skill, and calls upon the manufacturers or representatives as above stated, then the said purchaser is to pay all the expenses incurred."

The court refused to give all the instructions asked by the plaintiff, but modified instructions numbers one, two and three, asked by it, by adding to instruction number one the words "unless plaintiff waived the necessity of said notice;" by adding to instruction number two the words "or said notice was waived," and by adding to instruction number three the words, "unless said notice was waived;" and then the court, against plaintiff's objection, gave the modified instructions. The instructions, as modified and changed by the court, were as follows:

"1.   If the jury believe from the evidence that the

machine purchased by the defendant was the considera-
tion for the note in controversy, and that said machine
was worth anything, and the defendant failed to give
the H. A. Pitts' Sons Manufacturing Company notice
of its defects, if any, within five days from the date of
its delivery, then he is presumed to have acquiesced in
said defects, and is not entitled to any deduction from
the amount of his notes, unless the plaintiff waived the
necessity of said notice."

"2. If the jury believe from the evidence that
there was no fraud used by the H. A. Pitts' Sons Man-
ufacturing Company, to effect the sale of said machine,
no deduction should be made from the amount of the
note, because the machine failed in part to do good
work, unless they further find that the defendant gave
the company notice of such failure within five days
from its delivery, and that the company and its agent
failed or refused to remedy the defects in said machine,
or said notice was waived."

"3. If the jury believe from the evidence that the
machine in controversy was warranted to do good work,
and that, as a condition of said warranty, defendant was
required to give to the H. A. Pitts' Sons Manufacturing
Company and its agent, notice of the defects in said ma-
chine within five days from the date of its delivery, then
such notice is a condition precedent, to be performed by
the defendant, before any liability attached to the com-
pany or its assignee, and if they further find that such
notice was not given within the time specified, their ver-
dict must be for the plaintiff, unless said notice was
waived."

For the defendant the court gave the following in-
struction :

"The court instructs the jury that if they find from
the evidence in this case that the H. A. Pitts' Sons Man-
ufacturing Company sold to defendant a separator,
engine, and cleaner, for the sum of———— dollars, to be
paid in installments, and that, in order to secure said

purchase money, the defendant, among others, executed the note sued on, and that the same has been assigned to plaintiff, and that at the time of said purchase and sale of said machinery to defendant, said H. A. Pitts' Sons Manufacturing Company warranted said machinery to be of good material, and capable of doing the work for which it was intended, as fast and as well as it could be done by any other similar machine in use, and that defendant gave said machine a fair trial, and that it failed to do and perform good work, or the work it was intended to do, and in a fast and proper manner, and that defendant, within five days after he had tried said machine and found it would not do good work, and was unfit for threshing wheat and grain, and that he notified H. A. Pitts' Sons Manufacturing Company, or its agent at Columbia, of said failure and deficiency, and that said company failed to make said machinery work or thresh as they had agreed to do, then defendant is entitled to a reduction of whatever amount the jury may believe he is damaged by said machine being defective, and if they believe the damage is greater than the amount of the note and interest, they will find for the defendant."

The defendant offered certain evidence for the purpose of proving a waiver by plaintiff of the performance by defendant of the condition of the warranty. To the evidence the plaintiff objected because "it was irrelevant and incompetent."

The court overruled the objection and admitted the evidence.

J. G. BABB, for the appellant.

I. By the contract of warranty it was made a condition precedent to any liability of the company on the warranty that defendant should give to their local agent, *and to the company itself,* notice of any defects in the machine, within five days after the date of its delivery. Whether such notice was given was made a direct issue

by the pleadings. Sect. 3545, Rev. Stat. The *waiver* of notice was not in issue, hence it was error to allow defendant to introduce evidence to show such waiver. *Pier v. Heinrichoffen,* 52 Mo. 333 ; *Bank v. Hatch,* 78 Mo. 13 ; *Kiskaddon v. Jones,* 63 Mo. 192 ; *Nichols, etc., v. Larkin,* 79 Mo. 264.

II. The letter of the local agent to the company should have been admitted in evidence. In writing he acted as the agent of the defendant.. Besides, it was a part of the *res gestae* and shows the attitude of the parties.

III. The instruction as to notice was erroneous. It ignored the terms of the contract. *Nichols, etc., v. Larkin,* 79 Mo. 264. The instructions asked by plaintiff and refused, properly declared the law. The obligations of the warranty are concurrent, and defendant was bound to show performance on his part. *Nichols, etc., v. Larkin,* 79 Mo. 264; *Nichols, etc., v. Hail,* 4 Neb. 210 ; *Nichols, etc., v. Knowles,* 18 N. W. Rep. 413 ; *Worden v. Harvester Co.,* 18 N. W. Rep. 413 ; *Bayliss v. Hennessy,* 6 N. W. Rep. 46.

IV. The instructions asked by plaintiff, and modified by the court, were not in harmony with that given for defendant. It is error to give inconsistent and contradictory instructions. *Thomas v. Babb,* 45 Mo. 384 ; *Henschen v. O'Bannon,* 56 Mo. 289 ; *Price v. Railroad,* 77 Mo. 508.

V. The question of waiver was not raised by the pleadings, and should not have been submitted to the jury. *Hassett v. Rust,* 64 Mo. 325 ; *Bank v. Murdock,* 62 Mo. 70.

VI. Defendant was *estopped* from showing waiver of notice, or breach of warranty, or claiming recoupment in damages. He had used the machine until it was worn out, had never offered to return it, and had paid three of four notes. *Threshing Mach. Co. v. Vennum,* 23 N. W. Rep. 563.

THOS. W. WESTLAKE and W. GORDON, for the respondent.

I. Defective averment in an answer of matter essential to be proven, in order to authorize a verdict for defendant, will be cured by verdict, when it appears by the bill of exceptions that the evidence offered at the trial tended to supply the defect. Sect. 3582, Rev. Stat.; *Bank v. Franklin County*, 65 Mo. 111; *Hammerslough v. B. L. & S. Ass'n*, 79 Mo. 80; *Case v. Fogg*, 46 Mo. 47.

II. The grounds of objection to evidence were not stated, and such objections must be specifically shown by the record to entitle them to any consideration by this court. *Woodburn v. Cogdal*, 39 Mo. 229; *Public Schools v. Riley's heirs*, 40 Mo. 369; *Railroad v. Moon*, 37 Mo. 341; *House v. Carroll*, 37 Mo. 579; *Margrave v. Aussmus*, 51 Mo. 561. The exclusion of the letter, if error, was harmless, and is no ground for reversal. *Carson v. Comings*, 69 Mo. 325.

III. Even if there is a defect in a pleading, if the issue joined necessarily required on the trial proof of facts so defectively stated, or omitted, and without which it is not presumed that either the judge would have directed the jury to give, or the jury would have given the verdict, such defect or omission is cured by verdict. *Slader v. Van Warner*, 33 Mo. 386; *State ex rel., etc., v. County Court Saline Co.*, 51 Mo. 522; *Robinson v. Railroad*, 53 Mo. 436; *O'Connor v. Theatre Co.*, 17 Mo. App. 676.

IV. This court will not reverse for error of phraseology of a single instruction, when, taken in connection with the issues and all other instructions, the jury could not have been misled. *Bradford v. Floyd*, 80 Mo. 207; *Nelson v. Foster*, 66 Mo. 381; *Blewett v. Railroad*, 72 Mo. 583.

V. This court will not review the rulings of the lower court on the admissibility of evidence, unless the attention of that court has been called to the error by

motion for new trial, after exception taken at the trial. This was not done here. *Vineyard v. Matney*, 68 Mo. 105.

VI. Notice to the agent was notice to the principal, and the company was estopped from pleading want of notice by their previous acts and dealings with defendant. *Hayward v. Ins. Co.*, 52 Mo. 181; *Franklin v. Ins. Co.*, 40 Mo. 460; *Combs v. Ins. Co.*, 43 Mo. 149.

## I.

HALL, J.—The objection to the evidence was too general. The grounds of the objection should have been specified. *Margrave v. Ausmuss*, 51 Mo. 561, and cases cited.

## II.

The warranty pleaded in the answer was an absolute warranty. The warranty offered in evidence by defendant was a conditional warranty. There was a clear variance between the allegations of the answer and the proof. But as the parties both treated the warranty offered in the evidence as the warranty pleaded in the answer, we shall so treat it here. The case was tried as if the answer had pleaded a compliance on the part of the defendant with the conditional warranty offered in evidence. The case will be reviewed by us on that theory.

The condition of the warranty was "a condition precedent, to be performed by defendant before any liability attached to plaintiff." *Nichols, Shepherd & Co. v. Larkin*, 79 Mo. 271. An averment by the answer of a compliance by the defendant with the condition of the warranty did not raise an issue that the plaintiff had waived such compliance on the part of the defendant. Such averment did not authorize the introduction of evidence to prove such waiver. *Nichols, Shepherd & Co. v. Larkin, supra.* The plaintiff, not having properly objected to the introduction of the evidence, cannot now be heard to complain on that account. But the in-

troduction of the evidence, without objection, did not enlarge the issues. The issues were made by the pleadings. No issue of a waiver by plaintiff of the performance by defendant of the condition of the warranty was raised by the pleadings. Therefore, the plaintiff had a right to ask the court to submit the case to the jury without regard to such issue. And it was error for the court to refuse to so submit the case when asked by the plaintiff to do so.

The court should not have modified the instructions asked by the plaintiff in the manner in which it did modify them.

It was error also for the court to give the instruction given for the defendant. By the condition of the warranty notice was required to be given to the local dealer and the plaintiff; notice to either the plaintiff, or its agent at Columbia, Mo., was not sufficient. *Nichols, Shepherd & Co. v. Larkin, supra.* The error of that instruction would not have been cured by the instructions given by the court of its own motion, even if they had been correct. The inconsistency between the instructions would have intensified the error in the said instruction, and not have cured it.

Judgment reversed and cause remanded. All concur.