The Heilman Machine Works, Appellant, v. C. C. Dollarhide et al., Respondents.

Kansas City Court of Appeals, October 29, 1888

Principal and Agent : AUTHORITY OF AGENT TO WAIVE NOTICE : CASE ADJUDGED. In the sale of a threshing machine by an agent of plaintiff, the contract of sale included a written warranty as to the durability of the machine and of its capability for work, and also a clause that if the purchasers were unable to make it work well, written notice should be given to plaintiff, stating wherein it failed to satisfy the warranty. The purchasers, claiming that the machine did not fulfill the warranty, within three days thereafter, verbally notified the agent from whom they purchased of such fact, and he notified the general agent of plaintiff, who came, and brought with him one of plaintiff's experts, and attempted to put it in order, but purchasers were not satisfied, and delivered the machine to him. Held that, from the evidence at trial, the general agent had authority to, and did, waive the stipulation as to written notice.

Appeal from Saline Circuit Court.—Hon. Richard Field, Judge.

Affirmed.

The case is stated in the opinion.

*J. D. Shewalter* and *Davis & Wingfield*, for the appellant.

(1) The whole contract between the parties being reduced to writing, the contract of order and sale as shown in the record must control. The contract of warranty provides: "That (if), upon starting the machinery, the * * * purchasers are unable to make it operate well, written notice, stating wherein it fails to satisfy the warranty, is to be given within three days after starting the machinery by the purchaser to the dealer through whom purchased, and to the Heilman Machine Works, of Evansville, Ind." The record shows that the machine was started on Wednesday, and no notice, either written or verbal, was given to the plaintiff herein, or to Broughton Bros., of Odessa, the agents through whom the same was purchased, until the following Saturday evening, more than three days after starting the same, and then verbal notice alone was given. (2) Respondents claim that written notice was waived when agent Haydon came and undertook to remedy the defects, if there were any, but the record nowhere shows that Haydon had sufficient authority to have waived the giving of written notice to the plaintiff herein had he so desired. The contract of purchase and sale is essentially a conditional warranty. The clause of warranty is a condition precedent to be performed by defendants before any liability whatever attaches to plaintiff. It is "to be observed and performed by the purchaser, and he must show a fair and reasonable compliance with the terms of the contract on his part, or he will not be permitted to enforce it against the contractor." (3) Defendants contracted under seal to give written notice within three days after starting the machine to the plaintiff herein of any defects, and they will not be permitted to escape from this obligation by sending verbal notice to the agents through whom they purchased said machinery. *Nichols, Shepard & Co. v. Larkin*, 79 Mo. 264; *Miller v. Nichols*, 5 Neb. 478;

*Bomberger v. Grisner*, 18 Iowa, 477; *Dewey v. Borough*, 14 Pa. St. 211.

*Boyd & Sebree*, for the respondents.

(1) The plaintiff had the right to waive the written notice of the failure of the machine to work, and there was evidence tending to show acts constituting such waiver. The question of whether there was a waiver or not was submitted to the jury under proper instructions, and their decision is final. *Dobbins v. Edmonds*, 18 Mo. App. 307; *Webster v. Ins. Co.*, 36 Wis. 67; *Miner v. Ins. Co.*, 27 Wis. 693; *Franklin v. Ins. Co.*, 42 Wis. 456; *Titus v. Ins. Co.*, 81 N. Y. 410. (2) The authority of Haydon, as the agent for plaintiff in western Missouri and Kansas, was shown by the evidence, and it was left to the jury to determine whether he had authority to act for the company. The strong tendency and weight of modern authority is that the power and authority of general agents of foreign corporations are as unlimited as those of the officers of the company. *Palmer v. Ins. Co.*, 44 Wis. 201; *Viele v. Ins. Co.*, 26 Iowa, 9. (3) The contract of sale was rescinded by defendants offering to return the machine to plaintiff and plaintiff's acceptance thereof. The defendants offered to return the machine to plaintiff, and the only right plaintiff had to receive it was under the offer of defendants as the notes in the mortgage were not due for over two months after that. The plaintiff received the machine and sold it to another person, before the mortgage notes became due, for about the amount it had sold to defendants, and it cannot be heard to say that its taking of the machine was other than under the offer of defendants to return the same. *Kerr v. Bell*, 44 Mo. 120; *Blood v. Enos*, 12 Ver. 625; *Herrington v. Hubbard*, 1 Scam. 569. (4) The fact of the company countenancing Haydon's acts, both in receiving the machine from Dollarhide, and the re-sale of it to Brown, was a ratification of his acts, and would estop it to deny his authority,

even if there had been no evidence of his authority. 2 Morawetz on Priv. Corp., secs. 630, 631, 632; *Knox v. Ins. Co.*, 50 Wis. 671. (5) According to the evidence adduced by defendants, the machine was worthless for the purpose for which it was purchased, and the defendants offered to return it to plaintiff; the jury were, therefore, rightly instructed that if they believed it was worthless for the purpose for which it was purchased, and that defendants offered to return it, then the verdict must be for defendants. *Compton v. Parsons*, 76 Mo. 455; *Murphy v. Gay*, 37 Mo. 535; *Brantley v. Thomas*, 22 Tex. 270. (6) *Nichols, Shepard & Co. v. Larkin*, 79 Mo. 264, cited by appellant, has no application to this case. In that case, the defendant pleaded performance of his contract to give the written notice, and his evidence failed to sustain his allegation. The evidence also showed no acts constituting a waiver. In the case at bar, the plea was a waiver of the written notice, and the evidence proves the waiver. The pleadings and facts of the two cases are dissimilar. The other authorities cited by appellant are also inapplicable. (7) The verdict and judgment were for the right party, and if a new trial were had, the result would necessarily be the same. When this is the case, the appellate court will not interfere, even if there were immaterial errors in the lower courts. R. S., sec. 3775.

ELLISON, P. J.—This action is on a promissory note, given by defendants to plaintiff, for one instalment of the purchase money, due on the purchase of a threshing machine. The sale was made by plaintiff's local agent; the contract of sale included a written warranty as to the durability of the machine and of its capability for work. The contract contained, in addition, the following clause: "All conditioned that if upon starting this machine the undersigned purchasers are unable to make it operate well, written notice stating wherein it failed to satisfy the warranty is to be given, in three days after starting the machine, by the purchasers to the dealer

through whom purchased, and to The Heilman Machine Works of Evansville, Ind., and reasonable time allowed to get to it and remedy the defect, unless it is of such a nature that they can advise by letter. If the machine cannot be made to operate well, and the fault is in the machine, it is to be taken back and payment refunded, or the defective parts remedied and made the same as in other machines which do perform satisfactorily."

Defendants pleaded the warranty and its failure, alleging a compliance with all conditions on their part, except giving written notice to either plaintiff or its agent. In avoidance of this obligation on their part, defendants pleaded a waiver of such notice.

The trial in the court below resulted in a verdict for defendants and plaintiff appealed ; urging now only the insufficiency of the case to establish a waiver.

The evidence tended to show that the machine did not fulfill the warranty, and that within three days, defendants verbally notified the agent from whom they purchased of such fact ; that this agent notified one Hayden, a general agent of plaintiff, who had supervision of "the west half of Missouri and the state of Kansas," and who was then somewhere in the state of Kansas. This agent came on in due time and brought with him one of the plaintiff's experts. They succeeded in putting the machine in order as they claimed, but failed as defendants claimed. Defendants thereupon, on the same day, took the machine into Mt. Leonard and left it, notifying Hayden that they turned it over to him, but which Hayden refused to receive, disclaiming authority to receive it. Hayden afterwards took possession of the machine under the power given in the mortgage and moved it to Blackburn, where, after giving notice as required by the mortgage, he sold it. As to the character of Hayden's agency, it was further shown by his testimony that when he received the telegram from the local agent, he telegraphed to Springfield, Mo., for one of plaintiff's expert machinists. That they met on the train and went to the machine together, the local

agent accompanying them. The witness said : "I had authority to take this expert to Mt. Leonard, and it was my duty to take him there and go myself upon receiving the telegram, and try to remedy the trouble with the machine and make it work satisfactorily according to the warranty. If the notice had been sent to the company at its office at Evansville, Indiana, I should have been notified of it and the matter put in my charge, as Mt. Leonard is in my territory. I charged my expenses to the company."

From this evidence of the scope and character of his agency I have no doubt of Hayden's authority to waive the stipulation as to notice and the kind of notice. That such stipulations may be waived by the party for whose benefit and in whose behalf they are inserted cannot be questioned. The foregoing covers the points assigned by appellant and is sufficient for a proper disposition of the case.

The difference and distinction between this case and that of *Nichols, Shepard & Co. v. Larkin*, 79 Mo. 264, is apparent upon comparison.

The judgment is affirmed. All concur.