## BOMBERGER, WRIGHT & CO. v. GRIENER.

| 18 | 477 |
|---|---|
| 118 | 120 |
| 18 | 477 |
| f133 | 661 |

1. **Warranty:** ABSOLUTE AND CONDITIONAL. A vendor engaging to warrant the quality of an article which he sells, may make the warranty either *absolute* or *conditional.*

2. —— CONTRACT CONSTRUED. A contract for the sale of a reaping machine set out a warranty upon express conditions, among which was the following : that if it failed to work as represented, the vendee should " give immediate notice to our agent of whom it was bought, or to us at Dayton, and to again try the machine in his presence or ours, and if it still fails in fulfilling the above warranty, he agrees to return the machine to our agent, at the place named in the order, or to us at Dayton." *Held,* that a request by the agent (admitted to have been made without authority from his principals), that the vendee would retain the possession of the machine, did not operate as a waiver of the condition requiring a return to the place where the order was made.

*Appeal from Muscatine District Court.*

WEDNESDAY, JUNE 7.

DEMURRER TO ANSWER: CONSTRUCTION OF AGREEMENT TO WARRANT REAPING AND MOWING MACHINES: CONDITIONAL WARRANTY: AUTHORITY OF AGENT. — The plaintiff's action is upon the following instrument:

"BOMBERGER, WRIGHT & CO., Dayton, Ohio:

"You will please forward to me, by the 28th of June, 1862, one of the Ohio Chief reaping and mowing machines, R. Denton's patent. On the arrival of the machine at Muscatine, I agree to receive it immediately, pay freight and charges, and test it at the commencement of harvest, and if found to work as per your warranty (printed below), I agree to pay therefor $20 in cash, $65 in six months, and $65 in twelve months, with ten per cent interest.

(Signed) "JEREMIAH GRIENER.

"Taken by R. W. H. Brent, Agent, June 20, 1862, Muscatine."

In the printed warranty attached, plaintiffs agree "to warrant the said machine to be a good one, of light draught, easily handled, of good material, and with proper usage a good, serviceable machine. It is an *expressed condition of the warranty* that the directions given for setting up and working said machine shall be followed; and if upon a fair trial it fails to work as above, said Griener agrees to give immediate notice to our agent of whom it was bought, or to us at Dayton, and again to try the machine in his presence or ours; and if it still fails in fulfilling the above warranty, *he agrees to return the machine to our agent at the place named in the order, or to us at Dayton.*"

"No agent is authorized to make any representations or warranty beyond the terms of the above contract.

(Signed) "BOMBERGER, WRIGHT & CO.

"R. W. H. Brent, Agent, Muscatine, June 20, 1862."

The petition alleges the delivery of the machine to and the non-payment therefor by the defendant. The defend-ant filed an answer admitting the receipt of the machine, and alleging in proper manner its failure to work as war-ranted.

The defendant admits in his answer that he never *returned* the machine, either to the agent at Muscatine or to the plaintiffs, but alleges, as an excuse for the failure to return the same, that he kept it on his premises "at the special instance and request of R. W. H. Brent, the agent of the plaintiffs, through whom he bought it."

The cause was submitted to a jury at the June Term, 1864, the bill of exceptions reciting that the "defendant offered R. W. H. Brent as a witness to prove, as an excuse for not returning said machine, that he (Brent) as agent of the plaintiffs, had requested defendant to store said machine at defendant's house, six miles from the city of Muscatine, said agent not showing any authority for such an act; which evidence being objected to, the court rules that such could not be received, as it would contradict or vary the terms of the written warranty, whereupon defendant asked and obtained leave to amend his answer, which was granted, at defendant's cost, jury discharged and cause continued."

To this ruling the record shows no exception, and its correctness is not before the court on this appeal.

At a subsequent term the defendant filed an amended answer, to which a demurrer was sustained, but no excep-tions were taken.

The defendant then filed his second amended answer, alleging the failure of the machine as warranted, the giving of the notices required, and furthermore stating that "he (the defendant) was about to return the said machine to the said agent at Muscatine, but at the special instance and request of said agent he kept the said machine

at his house, where he now has it, subject to the plaintiffs' order," &c.

To this second amended answer the plaintiffs again demurred, "which demurrer," quoting from the bill of exceptions, "was sustained by the court, the parties plaintiffs and defendant *agreeing* to the following entry in relation thereto, to wit: It having been shown on a previous trial of this cause that the agent had no authority to alter or vary the terms of the contract, or *dispense with the return of the machine*, and it not being contended that any further authority could now be shown, the demurrer is sustained; to which the defendant excepted."

The defendant appeals from the judgment of the District Court sustaining this demurrer.

*D. C. Cloud* for the appellant.

*D. W. Richman & Carskadden* for the plaintiffs.

DILLON, J. — I. It is, of course, competent for a vendor, engaging to warrant the quality of the article he sells, to make that warranty *absolute* or *conditional*.

1. WAR-RANTY: absolute and conditional.

The court, after a very careful examination of the instrument in suit, in all its parts, have reached the conclusion that the warranties therein contained are conditional; and that this condition extends to the defendant's agreement, if the machine shall fail to fulfill the warranty, to return the same to the agent at Muscatine, or to the plaintiffs at Dayton.

2. —— contract construed.

That is, such a return of the machine is, by the contract the defendant chose to make, an "*express condition*," precedent to his right to hold the plaintiffs for a breach of the warranty.

This conclusion, under the entry which parties agreed the court might make (see statement), clearly disposes

of the case against the defendant. The defendant has admitted upon the record " that the agent had *no authority to dispense with the return of the machine*," or "to alter or vary the terms of the contract," and it is not stated that the plaintiffs had apparently clothed him with such authority.

In the light of the above construction of the contract and this admission, let us see how the case stands. The defendant, as we have seen, must, under the contract, return the machine in order to avail himself of the plaintiff's warranty. This he admits he did not do. But he pleads an excuse for not doing it, that the plaintiff's agent dispensed with the return of the machine at the stipulated *place;* and yet admits that the agent had no such authority. If the agent had no such authority, and if the plaintiffs had never held him out to the world as possessing such authority, the case is precisely the same as if a stranger or third party, in no way connected with the plaintiffs, had requested the defendant not to return the machine, but to retain the same upon his premises. So that the defendant's admitted failure to observe the condition precedent upon his part, stands unexcused or unjustified.

An *express* authority from the plaintiffs, independent of, and in addition to, that which Brent would have by virtue of his agency or employment, might not be necessary to enable him to make a valid agreement with the defendant authorizing the latter to retain the machine upon his farm.

This would depend upon circumstances, conspicuous among which would be the nature and scope of the duties and apparent powers of the agent. We do not understand the contract *expressly* to forbid the agent from making any other arrangement about the return or delivery of machines, but only to declare that: "No agent is authorized (in making sales and taking orders) to make any *representations* or *warranty* beyond the terms of the above contract. The

case is silent as to whether Brent was a general or special agent.

But the defendant's admission that the agent had "*no* authority" is equivalent to saying that he had neither an express authority nor an implied one in favor of third persons derivable from his duties and employment. This concession is fatal to the defendant's case, and the judgment of the District Court must be

Affirmed.