NICHOLS, SHEPARD AND CO., PLAINTIFFS IN ERROR, v. JOHN HAIL, DEFENDANT IN ERROR.

1.  **Sale: WARRANTY.** In an action upon a promissory note, given in part consideration for a threshing machine, the defense was warranty of the machine and a breach of its conditions. It appeared in evidence that the defendants gave one M. an order for a certain kind of thresher, on the back of which was a printed warranty. The order was sent to the agent of plaintiffs, but it was not accepted nor the machine mentioned therein furnished, and M., acting for the agent, sold defendants an old machine, they knowing it to be such, giving their note therefor, and using the machine during the following season without objection. *Held*, that the warranty did not extend to the machine purchased, and parol evidence of its contents was inadmissible.

2.  ———: ———: CONDITIONS PRECEDENT. A reasonable compliance with conditions precedent, in a contract of warranty, is essential, before it can be enforced against the warrantor.

Nichols v. Hail.

3. **Principal and Agent.** The mere fact that the agent of plaintiffs suing upon a note payable to them, received it from a person selling a machine, in consideration of which the note was given, will not of itself estop the plaintiff from denying that such person was their agent in the sale; but it should be left to the jury to say that if the machine was the property of plaintiffs at the time of its sale, they would be justified in finding agency from the fact that the note was made payable to them.

Error from the district court of Cuming county.

The case was brought into that court, by appeal from the probate court, and tried *de novo.* The jury returned a verdict in favor of the defendant in error for five hundred dollars. This verdict was set aside, and at the second trial the verdict was again for defendant in error, but without damages. Motion for a new trial overruled. Judgment against plaintiff, who brought the case here by petition in error. The facts necessary to its proper understanding appear in the opinion.

*Uriah Bruner,* for plaintiff in error, contended *inter alia,* as follows:

There has been no evidence offered by the defendant to show that Malchow was the agent of the plaintiff; that the conditions of the warranty have been complied with on the part of the defendant; that demand has been made for repairs, that the machine has been offered to be returned on the defendant discovering the defects complained of; nor that the alleged warranty was. given by the plaintiff or his agent; that the warranty applied to the said machine purchased; nor that the said alleged warranty was not in the hands of the plaintiff or under his control, or beyond the control of the defendant, or that it was lost.

If a warranty contain conditions to be observed by the vendee, the defendant must show that the said conditions have been substantially complied with. 2 *Hilliard on. Contracts,* 192. *Dewey v. Erie,* 14 *Penn. State,* 211.

*Bristol v. Tracey*, 21 *Barb.*, 236.   *Johnson v. Barney*, 1 *Iowa*, 531.   The defendant, having been fully advised of the condition of the threshing machine purchased, and bought the same with full knowledge of the condition thereof, was not deceived.

LAKE, CH. J.

This action was brought in the district court upon a promissory note given by the defendant, and one Joseph Hoffman, in part payment for a threshing machine.

This machine was purchased by them, at West Point, from one William Malchow, who was the agent of John T. Edgar in its sale.   The note was made payable directly to the plaintiffs, who were the manufacturers of the machine.

The defense seems to have been conducted on the theory that Edgar was the general agent of the plaintiffs, and that Malchow was a sub agent, although there was no such allegation in the pleadings.   The answer alleges that there was a warranty of the machine by the plaintiffs, in these words, " We hereby warrant this machine to be made of good material, well put together, strong and durable, and capable of threshing and cleaning, as much wheat, oats, barley, or other small grains, as any other machine, and better than any endless apron machine." As a breach of said warranty it is alleged, " that said machine was not of good material, nor was the same well made, nor was the same strong and durable as the plaintiff well knew.   That said machine had been exposed to the weather about two years, while owned by said plaintiffs, who are manufacturers of these threshing machines. That the action of the weather on the joints of said machine caused the tenants in the mortices to rot, so as to render the said machine for the purposes of threshing almost valueless."   The alleged warranty, and breach, are all put in issue by the reply.

On the trial, the defendant offered to prove said warranty, which was alleged to have been a printed one, by parol testimony. This was objected to by the plaintiff, for the reason among. others, that it had not yet been shown that any warranty had been given. The objection was, however, overruled; the testimony admitted, and exception duly taken.

The testimony introduced by both parties shows very conclusively that no warranty was, in fact, given on the sale of this machine, either by the plaintiffs, or by Mal-chow who made the sale. Indeed, the defendant himself swears that none was given.

The record does show that sometime before the purchase of this machine, the defendant and said Hoffman, gave to Malchow an order for a "Nichols & Shepherd, Vibrator Thresher, and Power of the latest patent, and most modern improvements," which order the latter sent to Edgar, at Omaha, to be filled. On the back of this order there was a printed warranty of that particular description of machine. It is possible that these orders in blank, with the printed warranty thereon, were in fact furnished by the manufacturers to their agents, to be filled up and used by a purchaser in making his order for a machine. It is also shown, by the evidence of the defendant, that this order was not accepted, nor the machine mentioned therein furnished; and that when Hoffman, who was acting for himself and Hail, went for the machine, so ordered, and was told by Malchow that it could not be obtained, he made a purchase of the one in controversy. Hoffman knew it was not the machine they had ordered, and was told by Malchow that it was an old one, that had been brought up from Kansas, where it "had been exposed to the weather for several years, and that Edgar had repainted it." This is all there was of the pretended warranty, as disclosed by the record, and fell very far short of showing that one was given on the

sale of this machine. We are of the opinion, therefore, that the plaintiff's said objection was well taken, and ought to have been sustained.

But the warranty, as finally proved by the defendant, even if it had applied to this particular machine, would be fatal to his defense. It is not the absolute, unconditional contract set out in the answer, but one with numerous important conditions attached. Among these conditions were the following, viz: "If they were not able to make it operate well, and the fault is in the machine, it is to be taken back, and the payments refunded or the defective parts remedied." And if "they were unable to make it operate well, a written notice, stating wherein it failed to satisfy the warranty, is to be given by the purchasers to the dealer, through whom they purchased, and to Nichols, Shepard & Co., and a reasonable time allowed to get to it, and remedy the defect if any."

Now the testimony shows there was a total failure on the part of the defendant to observe a single one of these, and numerous other conditions upon which the plaintiffs' liability, under the warranty, even if it were given, depended. When in a contract of warranty, there are conditions precedent to be observed and performed by the purchaser, he must show a fair, reasonable compliance with the terms of the contract on his part, or he will not be permitted to enforce it against the warrantor.

The uncontradicted testimony shows, that the defendant and his associate took this machine, knowing that it was an old one, and used it throughout the entire season without any objection whatever. No fault was found with it, nor any complaint made either to the plaintiff, or any agent of theirs, of any defect in the construction or working of this machine. The defendant is, therefore, in no attitude to demand a reduction in the contract price, nor to offset any damages which he may have

sustained in consequence of the alleged defects, in an action brought upon the note given therefor.

Again, I am of the opinion that the instruction given to the jury, that, " the plaintiffs, having accepted the note sued on in this action from Malchow, are estopped from denying that he was their agent," was clearly erroneous. It assumes that the plaintiffs received the note directly from Malchow, of which there is no proof whatever. Malchow, who was called as a witness for both parties, swears, that he " sold the machine as agent for Edgar," to whom he sent the note. He further testified, " what was done with these notes, I don't know. I paid them to Edgar for the machine sold to Hoffman and Hail. I did not have any business with Nichols, Shepard & Co."

But, even if it had been clearly shown, that the plaintiffs received the note directly from Malchow, that, of itself, would not have had the effect to estop them from denying that he was their agent.

It would, however, have been a proper instruction, to have told the jury, that, if they found from the evidence that at the time of the sale of the machine to Hoffman and Hail, it was the property of the plaintiffs, then they would be justified in also finding that Malchow was their agent, from the additional fact, that the note was made payable to them.

After a very careful examination of the entire record, I fail to find any evidence to support the defendant's claim. I think the court would have been justified even, in directing a verdict in favor of the plaintiffs, for the full amount of the note. The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

The other judges concurred.