B. A. WORDEN AND OTHERS, PLAINTIFFS IN ERROR, V. SYCAMORE MARSH HARVESTER CO., DEFENDANTS IN ERROR.

Warranty. In an action on certain notes given for a harvester, the defense was a breach of warranty. It appeared from the testimony that the parties relying on the warranty had wholly failed to comply with its terms or conditions precedent. *Held*, that the defense was not available.

ERROR to the district court of Boone county. Tried below before BARNES, J.

*Nelson & Dalton,* for plaintiffs in error.

*Wm. T. Searles* and *W. M. Robertson,* for defendant in error.

MAXWELL, CH. J.

This action is founded upon certain promissory notes given by the plaintiffs in error to the defendant for a reaper, known as the "Marsh Harvester." The defense is a breach of warranty. On the trial of the case in the court below the jury returned a verdict in favor of the defendant in error for the sum of $225.81, upon which judgment was rendered. The defendants below now bring the cause into this court by petition in error.

It appears from the testimony that in July, 1876, B. A. Worden purchased of one Stanton the machine in question. The machine was set up and started by Stanton, who informed Worden that there was a warranty of the machine, such as he had given, in the tool box. This warranty Worden admits was there as stated, but he testifies he never read it, and its exact contents do not appear. But it is very clear from the testimony of the plaintiffs in error that there has been no attempt on their part to comply with any of its terms or conditions precedent. This is essential. There must be a reasonable compliance with conditions precedent in a warranty before it can be enforced against the warrantor. *Nichols v. Hail,* 4 Neb., 210. *Miller v. Nichols,* 5 Id., 478. There is no material conflict in the testimony in the case, and the court would have been justified in directing a verdict for the defendant in error. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.