JOHN FURNEAUX v. GEORGE ESTERLY AND GEORGE W. ESTERLY, *Partners as George Esterly & Son.*

1. WARRANTY, *When Not Enforced Against Seller.* Where a machine is sold upon a conditional warranty which expressly provides that the purchaser shall have a certain time in which to test the machine, and if it fails to fulfill the warranty, the purchaser shall give the seller written notice stating wherein it fails, *held*, that to avail himself of the benefits of the warranty the purchaser must render substantial compliance with the agreement; and that if no written or actual notice was given, and there was no waiver of the condition, the warranty cannot be enforced against the seller.

2. CONTRACT, *Executed in Duplicate; Limitation of Authority of Agent.* Where a contract of warranty, which is executed in duplicate and one of which is retained by each of the parties, contains a provision that no agent has authority to change the warranty, it is a notice to the purchaser of a limitation upon the authority of the agents of the seller; and that they cannot waive or dispense with an express condition of the contract.

*Error from Brown District Court.*

AT the September Term, 1884, plaintiffs *George Esterly & Son* recovered a judgment for $122.50 and costs against defendant *Furneaux.* He brings this judgment here for review. The opinion states the case.

*W. D. Webb,* for plaintiff in error.

*James Falloon,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought upon a promissory note for $100, which was one of a series given by John Furneaux in payment of a harvester, and was made payable directly to George Esterly & Son, of Whitewater, Wisconsin, who were the manufacturers of the harvester, and were the plaintiffs below. The machine was purchased upon the following conditional warranty and agreement:

"This machine is well made, of good material, and under

proper management is capable of doing first-class work, the purchaser agreeing to see that the machine is properly operated. The purchaser shall have one day to give it a fair trial, and if it should not work well he is to give written notice stating wherein it fails, to the agent from whom it was received, and also to George Esterly & Son, Whitewater, Wisconsin, and allow reasonable time to get to it and remedy the defect if any, the purchaser rendering necessary and friendly assistance, furnishing a suitable team, when, if it cannot be made to do good work, he shall return it to the place where received, free of charge, in as good condition as when received, except the natural wear, and a new machine will be given in the place, or the notes and money will be refunded. Continued possession of the machine, or failure to give notice as above, shall be conclusive evidence that the machine fulfills the warranty. No agent has any authority to change this warranty."

Furneaux defended against the note, claiming that there was a breach of the warranty, and offered testimony tending to show that the machine was defective in several particulars, and was not, under proper management, capable of doing first-class work; and that after a trial had been given to it, he gave a verbal notice to the local agents who delivered the machine to him, and that these agents sent men several times to remedy the defect; and an agent at Kansas City named Leffingwell also sent men for the same purpose, but that they failed to make it work well. He kept the machine through two harvests and then returned it to the place where he received it, in March, 1884, about two years after it was purchased. On the trial, Moser, the local agent, was asked if he did not agree with Furneaux to notify Esterly & Son, and tell Furneaux that he need not do so. An objection to this testimony was sustained, but afterward the witness stated that Furneaux never asked him to give such notice, nor did he tell Furneaux that it was unnecessary to do so. He stated that he had never had any correspondence with Esterly & Son, as his business was with the distributing agent, Mr. Leffingwell, at Kansas City. It was shown that Leffingwell had the management of the business of Esterly & Son in Kansas, and although he terms himself a general agent, he stated that he

had no authority to change the terms of the warranty or contract, but had instructions to the contrary. Furneaux offered to prove that Moser stated to him that if he would keep the machine and try to make it work, Esterly & Son would not refuse to take it back if it finally failed, and that he would notify them. This was excluded upon the statement by counsel for Furneaux, that written notice was not given to the agent from whom he received the machine, nor to George Esterly & Son, of Whitewater, Wisconsin, and that he had no evidence to offer that Esterly & Son ever had actual notice of the failure of the machine to work; and thereupon the court stated and held that unless written notice was given or actual knowledge proven, there could be no defense to the note in suit. Was the ruling erroneous? Sufficient proof was offered to show that the harvester was in some respects defective, but this is not enough to establish the liability of the defendants in error on the contract of warranty. The notices therein expressly required to be given to the local agent and to the manufacturers are conditions precedent which must be substantially observed in order to hold the defendants in error for a breach of warranty. A strict and rigid observance of these conditions is not imperative. Although a written notice was provided for, it would probably have sufficed if it appeared that actual notice was given. A fair and reasonable compliance with the terms of the contract is all that can be insisted on, and the notice given to the local agent, although verbal, was probably sufficient notice for him. It is conceded that notice to Esterly & Son is equally essential under the contract. No written or verbal notice was given to them, nor was it shown that it ever came to their knowledge that the harvester had in any respect failed to work well. As an excuse for his neglect, the plaintiff in error pleads the statements and conduct of the agents, which he claims operated as a waiver of that condition. It is true that repairs were furnished and repeated efforts made by the agents to remedy the defects in the harvester, but the testimony fails to show that the agents had any authority by word or deed to

1. Warranty, when not enforced against seller.

waive an express condition in the contract like the one in question. Their authority was limited, as the plaintiff in error well knew. It is unlike a case where the purchaser is ignorant of the limitation of the agent's authority, or where the principal has permitted the agent to act as though he had authority to make a waiver. Here, the contract relied on expressly provides that the terms and conditions of the warranty could not be changed by any agent. The warranty was executed by the parties in duplicate, and each of them had a copy of the same. This was a plain and continuing notice to him that to avail himself of the warranty he must notify the manufacturers, and also that none of their agents could dispense with that notice. It does not appear that any machines were ever sold by them upon different conditions, or that they in any instance enlarged the authority of their agents in this respect. The furnishing of repairs and the assistance rendered Furneaux in operating the machine by these agents is certainly no excuse for his neglect to notify Esterly & Son. By his own contract he had placed a duty upon himself, and one which was of importance to the other contracting party. That duty was to have given a prescribed notice within a reasonable time; but instead of doing that, he kept the machine for about two years and continued to operate it through two harvests, without giving the notice and before offering to return the harvester. We think that the excuse given for his neglect is insufficient, and that the testimony fails to establish a waiver of the stipulated notice. Contracts very similar to this one, and circumstances somewhat like those surrounding the present case, have received the consideration of the courts, and their decisions lend support to the views we have taken of this case. (*Nichols, Shepard & Co.* v. *Larkin*, 79 Mo. 264; *Nichols, Shepard & Co.* v. *Hail*, 4 Neb. 210; *Miller* v. *Nichols*, 5 id. 478; *Bomberger* v. *Griener*, 18 Iowa, 477; *Dewey* v. *Borough*, 14 Pa. St. 211.)

The judgment of the district court will be affirmed.

All the Justices concurring.

*2. Contract, executed in duplicate; limitation of authority of agent.*