### ALVIN ACKER v. ANTHONY KIMMIE.

HARVESTER; *Failure to Work; Waiver of Notice.* Where K. purchased a harvester from A., and was furnished with a written warranty thereof, prepared by the manufacturers of the harvester, which provides, in case the harvester fails to do the work as warranted, that notice must be given them; and the harvester was delivered by A., and he superintended setting up and starting it, and it was found, after a thorough trial, that the harvester would not do the work required; and thereupon A. informed K. that he would immediately notify the manufacturers, and request them to send a skilled man to repair and start it, and afterward informed K. that he had so notified the manufacturers; and afterward A. sent a skilled mechanic, who, with K., attempted to start the harvester, and it again failed; K. then offered to deliver the harvester to A., and A. refused to receive it, and brought an action to

recover the purchase-price: *Held*, That A. might waive the right to re-
quire K. to give notice to the manufacturers of the harvester of any
defect therein, and by agreeing to give the manufacturers thereof
notice that the harvester would not work, and by afterward giving
such notice, he thereby waived all right to demand that notice be
given by K.

### *Error from Brown District Court.*

ACTION brought by *Acker* against *Kimmie*, to recover the
purchase-price of a harvester. Trial by a jury, at the Jan-
uary Term, 1885. Judgment for the defendant. Plaintiff
brings the case here. The opinion states the facts.

*W. D. Webb*, for plaintiff in error.

*S. L. Ryan*, for defendant in error.

Opinion by CLOGSTON, C.: Plaintiff commenced this action
to recover the purchase-price of a Champion harvester and
cord binder, which defendant purchased of plaintiff. The
contract, or order for the machine, was as follows:

"ORDER FOR CHAMPION HARVESTER AND CORD BINDER.
—*Leona, Kansas, May 15, 1883.*—Mr. Alvin Acker, Leona,
Kansas: You are hereby authorized to procure for me one of
the Champion harvesters with cord binder, by the first day of
June, 1883, for which I agree to pay you two hundred and fifty
dollars (also freight on same) in cash on delivery; or, in lieu
of said cash payment, to execute notes, payable as follows:
Two hundred and fifty dollars, October 1, 1883, including in-
terest at the rate of 10 per cent. per annum after maturity;
payable at Leona, Kansas. The machine to be warranted as
per the manufacturers' printed warranty, a copy of which has
this day been received. The machine to be shipped to Leona.
Taken by L. G. Gim, agent.        ANTHONY KIMMIE."

The manufacturers' printed warranty referred to was as fol-
lows:

"WARRANTY OF WHITELEY'S CHAMPION HARVESTER
AND CORD BINDER.—This machine is warranted to be of
good material and well made, and if properly set up, adjusted,
and operated according to the directions, will do good work
under all ordinary circumstances. While it is not recom-
mended for cutting hemp, extra-tall rye, or other very excep-

tional crops, it is warranted to do as good work in harvesting all ordinary crops, viz., wheat, barley, oats, flax, etc., as any other machine and binder. But it is expressly understood and agreed, that this warranty is invalid and of no effect unless the machine is properly set up and adjusted, and used in accordance with our directions. If said machine does not perform as above represented under the management of the purchaser and agent, immediate notice must be given to us at Springfield, Ohio, advising us fully as to the name and residence of the purchaser; and that the machine is held by the purchaser, who will furnish the necessary facilities for testing same in the presence and under the direction of a competent person, to be designated and sent by us for that purpose; when if the machine does good work, it shall be kept by the purchaser, and continued use shall be considered conclusive acknowledgment that it fills the warranty. But if, upon a second trial, in the presence and under the directions of the person designated and sent by us for that purpose, after notice from the purchaser, said machine does not work as above, it may be returned to us, and the payments will be refunded.

CHAMPION MACHINE Co."

Under this contract the defendant received the machine, which was set up by the plaintiff, and an effort made to operate it. In this effort some part of the machine was broken. The plaintiff sent a mechanic with a piece and repaired the machine, and the defendant with the mechanic again tried to operate it, and was unsuccessful. Some days later the plaintiff again tried to operate it, and again sent a mechanic, a skilled man, to try to make it work. All these efforts failed to make it do the work required. The plaintiff then informed the defendant that he would notify the machine company and request it to send a skilled person to try to make the machine work. The defendant waited several days, and again called upon the plaintiff and requested him to place the harvester in a condition to be operated. The plaintiff informed the defendant that he had three times telegraphed the machine company to send an expert to place it in working order, and had received no response therefrom. The defendant gave no notice to the Champion Machine Company at Springfield, Ohio, and no notice was given it save such as was given by the plaintiff.

The record does not contain all the testimony. The only question urged by the plaintiff in error is, that the defendant failed to give notice as required by the conditions of the printed warranty, and therefore he was obliged to pay for the machine whether it worked satisfactorily or not. This claim is founded upon the theory that the sale of this machine was made by the Champion Machine Company, and not by the plaintiff. If this claim is correct and the sale was actually made by the Champion Machine Company, then before the defendant could complain and refuse to pay for the machine, he would have to show a substantial compliance with the terms of the company's printed directions, which he received at the time of the purchase.

The defendant, however, insists that he purchased the harvester in question, not from the Champion Machine Company, but from the plaintiff; that his contract was with the plaintiff; that he received the machine from the plaintiff, and that he is now sued by the plaintiff for the purchase-price. If the defendant's claim is correct, then no notice to the Champion Machine Company, at Springfield, Ohio, was necessary to be given by the defendant. This question, under proper instructions by the court, was submitted to the jury, which found generally for the defendant on all the issues. In addition to this finding, we are inclined to think that the defendant's theory of this case is correct. The transaction seems to have been with the plaintiff, not as agent for the machine company, but acting for himself. The notes were made payable to him, and he was to furnish the machine; and in bringing an action in his own name for the purchase-price, it would seem that he himself so considered the transaction. If not, why was the action not brought in the name of the Champion Machine Company, instead of in the name of the plaintiff? There is no allegation here or evidence tending to show the relation between the plaintiff and the machine company. This contract, then, being between the plaintiff and the defendant, the stipulation in the printed circular which accompanied the machine, was applicable and binding only upon these parties so

far as the quality of the machine or the warranty was concerned, and that the same would perform the work as therein stated; and the plaintiff being present, and having full knowledge of the character of the work and the failure of the machine to perform that work, was all the notice that was necessary.

The plaintiff in his brief cites *Furneaux v. Esterly & Son,* 36 Kas. 539, as authority. We have carefully examined that case, and find nothing therein that will help the plaintiff. The contract in that case was also for the sale of a harvester, but it was made with the harvester company through its agents. Notes for the purchase-price were taken by them, and suit brought on those notes by the machine company. Also, the warranty provided that in case the harvester failed to do good work, written notice must at once be given by the purchaser to the agent who sold the harvester, as well as to the machine company. No notice was given to the company by the purchaser. It was held that the giving of the notice was a condition precedent, which must be performed; and as no notice was given, the failure of the machine to do good work was waived. In this case the warranty provides that if the harvester does not perform the work as warranted, under the management of the agent and purchaser, notice must be given to the machine company; but it does not provide who shall give that notice, or how it shall be given. The plaintiff notified the company by telegraph at least three times, and if the sale was made by the plaintiff as the agent of the Champion Machine Company, then the agent, as well as the machine company, would be equally interested with the purchaser in the success of the machine. It was as much the duty of the agent as of the purchaser to give the notice; so, under either theory of the case, the plaintiff could not recover.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.