NIXON MINING DRILL Co. *v.* W. H. BURK *et al.*

(*Knoxville.*   September Term, 1915.)

**PRINCIPAL AND AGENT.**   Authority of agent.   Warranties.

An agent, empowered to sell personal property, has implied power to make such warranties as the law would imply, had the same been made by the principal direct, and as are usual in sales of like property.   But an agent, authorized to sell a motor truck, has no implied authority to warrant that the tires would last a given length of time while carrying an excess load; such warranties not being usual.

Cases cited and distinguished:   Ezell v. Franklin, 34 Tenn., 236; Lipscomb v. Kitrell, 30 Tenn., 260.

---

FROM HAMILTON.

---

Appeal from the Chancery Court of Hamilton County—W. B. GARVIN, Chancellor.

SIZER, CHAMBLISS & CHAMBLISS, for appellant.

MOORE & DARWIN, for appellees.

MR. SPECIAL JUSTICE FRANTZ delivered the opinion of the Court.

This suit originated in the chancery court of Hamilton county, Tennessee, and is a suit to recover upon warranty alleged to have been made in the sale of a motor truck, made by W. H. Burk to the complainant.

132Tenn.31

The truck belonged to the defendant S. W. Milne, and Burk was his agent, appointed by written authority, for the sale of said truck. The warranty alleged to have been made and to have been breached was that the tires upon the truck would run for eight thousand miles and carry a fifty per cent. excess load; that is to say, the truck had a rated capacity of three tons, and it is claimed that the warranty was that the tires would run for eight thousand miles while carrying an excess capacity of one and one-half tons. The authority of the agent was simply an authority to sell at a specified price, and the question involved is whether the authority to sell conferred the authority to bind his principal by the aforesaid warranty.

The chancellor held Burk individually liable upon said warranty. He appealed, but has assigned no errors, and upon motion of the complainant the decree as to him is affirmed. The chancellor decreed against the contention of complainant with respect to the defendant Milne, holding him not liable in said warranty, and complainant has appealed from that part of the decree.

Several questions are presented, but it will not be necessary, in our view of the case, to consider but one: Does an agent, upon whom has been conferred authority to sell personal property, have implied authority to make on behalf of his principal this character of warranty? The rule of law applicable is thus stated in Mechem on Agency (2d Ed.), page 631:

Nixon Mining Drill Co. v. Burk.

"Authority to warrant quality' may be, and in a constantly increasing mass of cases is, deduced from the fact that the same or similar articles are usually sold with such a warranty. In this respect it may be said to be the rule that authority conferred upon an agent, whether general or special, to sell personal property, carries with it, in the absence of countervailing circumstances known to the person with whom he deals, implied authority to make, in the name of the principal, such a warranty of the quality and condition of the property sold as is usually and ordinarily made in like sales of similar property at that time and place."

Further, on page 632, same volume, it is said:

"It has, moreover, been declared in several cases that, if the sale is one in which had it been made by the principal in person, the law would imply a warranty; e. g., a warranty of fitness for the contemplated use, an express warranty to the same effect, given by the agent, must be deemed to be within the scope of his implied authority."

The rule is thus stated in 31 Cyc., p. 1353:

"The rule which is supported by the more numerous and more recent decisions is that if, in the sale of that kind or class of goods which the agent is empowered to sell, it is usual in the market to give a warranty, the agent may give that warranty in order to effect a sale, and the law presumes that he has such authority, and that, if an agent with express authority to sell has no actual authority to warrant, no authority can be implied where the property is of a description

not usually sold with warranty. There are cases, however, which lay down a broader rule, and hold that an agent upon whom general authority to sell is conferred will be presumed to have authority to warrant, unless the contrary appears.''

The author cites *Ezell* v. *Franklin*, 2 Sneed, 236, as supporting what he calls the ''broader rule.''

An examination of *Ezell* v. *Franklin*, supra, in connection with the previous case of *Lipscomb* v. *Kitrell*, 11 Humph., 260, shows that Tennessee is in line with the decisions supporting what is given by the author as the ''general rule,'' rather than the ''broader rule'' referred to by him.

In *Lipscomb* v. *Kitrell*, supra, the court was dealing with a case where an agent had been authorized to sell judgments, and in making the sale had guaranteed their payment. The court said:

''It has been earnestly contended that the court erred in telling the jury that if the defendant was an agent to sell the claims, and no more, and he then made a warranty of them, he alone would be liable. It is insisted that an agency to sell confers on the agent the incidental power to warrant the thing sold. We do not think this principle has application to the case before us. As a general proposition, it is true that, when an agency is created to do a thing, the power is incidentally conferred to do such other things as may be necessary for carrying into effect the objects of the agency. And if an agency exists, in any trade or business, the custom of which is to exercise certain powers

Nixon Mining Drill Co. v. Burk.

in carrying the agency into effect, then the creation of the agency confers the right on the part of the agent to act in reference thereto, *according to such custom."*

In the later case of *Ezell* v. *Franklin,* supra, the agent had been given authority to sell a slave, and in making the sale warranted the slave to be sound and healthy, a slave for life, title good, etc. The court held that the agent had implied authority to make the warranty, but specifically referred to and approved *Lipscomb* v. *Kitrell,* supra; the court saying with respect to this case:

"The case of *Lipscomb* v. *Kitrell,* 11 Humph., 260, cited and relied upon by the counsel for Franklin, does not conflict with this doctrine, but rather confirms, by an express acknowledgment of it. The court there, in effect, admit the general principle 'that an agency to sell confers on the agent the incidental power to warrant the thing sold,' but say that it had no application to the case then under consideration, as it surely had not."

Reading this case, therefore, in the light of the previous case, we are of the opinion that it is in line with the authorities already quoted from.

We think the true rule is that an agent upon whom authority has been conferred to sell personal property has implied authority from his principal to make such warranties in respect thereto as the law would imply, had the sale been made by the principal direct, and, in addition, has implied authority to make in the name of the principal such warranty of the quality and con-

dition of the property sold as is usually and customarily made in like sales of similar property at that time and place.

In the case under consideration it is not claimed that it was usual or customary in the trade for agents to make this character of warranty with respect to motor trucks; indeed, it clearly appears from the record that it was not customary to make such warranties. It therefore follows that the agent had no authority to make the warranty in question in the name of the principal.

The decree of the chancellor is affirmed.