## CENTRAL POTTERY CO. v. DOYLE HARDWARE CO.

Western Section.   July 31, 1926.

No petition for Certiorari was filed.

1. **Evidence. Parole testimony is not admissible to vary a written contract.**
   In an action to recover on a written contract for the sale of dishes where the defendant sought to show an agreement between him and the travelling salesman, held the evidence was not admissible since it's only purpose was to vary the terms of the written contract.

2. **Contracts.** Where written contract contains provision that the company is bound only by the written contract, the company cannot be held by representations of its agent.

In an action to recover on a written contract for the sale of dishes where the contract contains a provision that no other warranty than that in the written contract shall be binding and the defendant tried to hold the company on warranties and statements made by its agent, held, that the company was bound only by the written contract.

3. **Contracts. Evidence.** Evidence held to show a binding contract.

Where a merchant bought a special order of dishes knowing that they had to be made by the seller, and they were made and shipped in a reasonable time, held, that the buyer could not cancel his contract and avoid it.

Appeal from Chancery Court, of Perry County; Hon. J. C. Hobbs, Judge.

Reversed.

Essary & Denison, of Lexington, for appellant.

Pearson & Whitwell, of Linden, for appellee.

OWEN, J. The complainant, Central Pottery Company, has appealed from a decree of the chancery court of Perry county wherein complainant's bill was dismissed and the Doyle Hardware Company's cross-bill was sustained. Complainant is a corporation located at Greenville, Tennessee, engaged in the manufacture and sale of queensware, which queensware is made from clay products and decorated. Complainant's traveling agent called upon the defendant O. C. Doyle, who operates a store at Linden, in Perry county, under the style of Doyle Hardware Company. The defendant purchased two bills of goods from complainant, amounting to $180.25, on the 23d day of April, 1924. These goods were to come in two shipments, about half of the entire order was to be shipped as soon as practicable and the other half about the first of July or during the summer. These goods were shipped to Blounts Landing on the Tennessee river via Johnsonville. After setting out the description of the property purchased and the amount and when to be shipped, the following clause was in the contract:

"It is mutually understood and agreed—That this order is issued by purchaser and accepted by Salesman subject to the direct approval of shipper, who may transfer same to any of their potteries as deemed necessary to expedite shipment. It may be countermanded only by mutual later agreement. This shipment is to be made within a reasonable time, consistent with stock on hand and other manufacturing conditions, unless it is specifically stated in this order that shipment cannot be used after date named. That shipper's responsibility for loss, damage or delay to shipment ceases with delivery to transportation agency. That all agreements between Purchaser and Salesmen with respect to this order are stated herein.

Doyle Hardware Company, Purchaser."

The contract also provided that when receipted for by transportation company the goods belonged to the buyer and the seller was not to be responsible for delivery, loss, breakage or damage.

The defendant refused to receive these goods when they came to Blount's Landing. The first bill was shipped on June 6th, 1924, and shipped from complainant's factory at Erwin, Tennessee. The second shipment was made on July 1, 1924. On July 7, 1924, the defendant wrote complainant as follows:

"July 7, 1924.

Central Pottery Co.,
    Greenville, Tenn.
Gentlemen:

On April 23-24, I bought this assortment of dishes and I received your bill today, dated July 1st, during this time I have bought some elsewhere, thinking that you wouldn't ship these, so I don't feel obligated to take these now. And I will refuse to take them, they are subject to your orders.

Yours truly,

Doyle Hdw. Co."

The defendant in his answer and by his testimony states that he had a verbal agreement with the salesman of complainant whereby the goods were to be shipped in three weeks, and that he purchased the second shipment, which was one-half of the bill and by so doing he was to be allowed a ten per cent discount on his bill; that he could not get any discount if he purchased only $95 worth of goods; that he and the agent of complainant agreed that upon receipt of the first bill defendant was to discount his bill ten per cent, remit for the first shipment of one-half of the amount and countermand the balance, and by so doing he would be allowed to take advantage of the ten per cent discount. By way of cross-bill the defendant sought to have the contract rescinded. As heretofore stated, the cross-bill was sustained, the contract rescinded and complainant's bill dismissed.

Complainant prayed and was granted an appeal to this court; perfected the same and has assigned as error the action of the court in dismissing complainant's bill and in sustaining the cross-bill, and in taxing complainant with costs, and complainant also excepted to certain evidence offered by the defendant, O. C. Doyle, which is set out in the assignments and in the decree of the court and covers three pages of the record. The substance of the evidence complained of was the statements of the defendant relating to what the traveling salesman told the defendant, and in trying, by this evidence to vary the terms of a written contract.

We are of opinion that this evidence should have been excluded. The contract was plain. The defendant is a business man—a merchant—if he purchased any other queensware he did not disclose in

his testimony where he purchased it or when. The first shipment came within a reasonable time. It is shown that about six weeks is required to make or manufacture a special pattern of decorated queensware, as was ordered by defendant, and we find as a fact that complainant did everything that was reasonable to comply with the contract. Complainants mailed a letter immediately upon receipt of this order, accepting the contract and advising the defendant that the goods would be shipped as soon as they could be made or manufactured. Defendant denies receiving this letter. Complainant's never heard from the defendant until his letter of July 7th.

Defendant insisted that the complainant had breached its contract. We find no evidence to sustain this contention. Defendant relies upon the case of Cole, McIntyre Norfleet Company v. Holloway, 141 Tenn., 680. The facts of that case are not applicable to the facts of the instant case. In the instant case we are of opinion that the rule announced in Somerville v. Gullet Gin Co., 137 Tenn., 509 controls. In that case it was held that where the contract of sale of a machine provided that no other warranty than that in the written contract should be binding, no implied warranty could be found, and that the principle cannot be held to have ratified the acts of the agent which were beyond the apparent scope of his authority without full knowledge by the principal, so that the seller of the gin who merely tried to make the machine do the work required, did not ratify an agents unauthorized verbal warranty of which the buyer had given him no notice.

In the instant case the complainant paid to his agent a commission for selling the two shipments of queensware. They went to the expense of having an especially designed article manufactured for the defendant, and the defendant testifies that he entered into a collusion with the complainant's agent to attempt to defraud the complainant by giving him an order for twice the amount of goods that he needed so as to get the benefit of a ten per cent discount on the face of the bill and countermand the second shipment. This agreement of the agent Hines was beyond the scope of his authority. Continental Ins. Company v. Schulman, 140 Tenn., 481.

We are of opinion that this contract should be enforced; that the defendant breached it; that he owes the complainant for these goods and that the court was in error in dismissing complainant's bill and in sustaining defendant's cross-bill.

The assignments of error are sustained; the decree of the chancellor reversed and a decree will be entered here for the amount sued for with interest thereon from the date of the filing of complainant's bill, and for all costs of the cause, including cost of appeal, for which execution will issue.

Senter and Heiskell, JJ., concur.