## WEEKS v. DEALERS' IMPLEMENT CO., INC.

Western Section. April 28, 1933.

Petition for Certiorari denied by Supreme Court, December 15, 1933.

T. B. Passmore, of Memphis, for plaintiff in error.
Adams, Donelson & Pope, of Memphis, for defendant in error.

SENTER, J. The parties will be referred to as in the court below, Dealers' Implement Company, Inc., plaintiff, and W. B. Weeks, defendant.

This suit was commenced in a justice of the peace court by plaintiff to recover of defendant the alleged balance due and owing by defendant to plaintiff under a conditional sales contract for the purchase of a tractor and certain equipment belonging thereto, with interest and attorney's fees as provided in the face of the contract. The suit resulted in a judgment in favor of the plaintiff in the justice of the peace court for the balance due on the machinery, plus interest and attorney's fees. From this judgment, defendant appealed to the circuit court of Shelby county where the case was there tried before the circuit judge and a jury. At the conclusion of all the evidence, the court sustained a motion for a directed verdict in favor of plaintiff, and rendered judgment in favor of plaintiff and against the defendant for the sum of $265, the amount of the balance due under the conditional sales contract, with interest and attorney's fees as provided in the contract. A motion for a new trial by defendant was overruled, and defendant has appealed in error to this court from the action of the court in overruling his motion for a new trial and rendering judgment against him. The appeal has been perfected and errors assigned.

The only question made on this appeal is to the holding of the learned trial judge that it was not competent to admit oral evidence to prove an alleged warranty. The defendant admitted purchasing the tractor and machinery and signing the conditional sales contract, but claimed that the agent of plaintiff warranted the tractor to be in good condition, and represented that it had been reconditioned and placed in good condition. The conditional sales contract is on a printed form, and, among other provisions, provides as follows:

"No warranties, express or implied, have been made by the seller unless endorsed hereon in writing."

No warranties appear to have been indorsed on the contract.

It is the contention of appellant that soon after he purchased the tractor he discovered that it would not pull the plow, and notified the seller, and whereupon the seller sent a mechanic out to his farm to examine the tractor and to work on it. He testified that the seller sent a mechanic on two or three different occasions, but never succeeded in getting the tractor in a condition to pull the plow. He testified, over the objection of plaintiff, that the agent of plaintiff, in making the sale to him, represented and warranted that the second-hand tractor had been completely overhauled and reconditioned, and put in good operating condition, and that it would operate as well as a new tractor. He further testified that, when it was found that the tractor would not do the work for which it was purchased, that he notified the seller and told them that he was holding the tractor subject to their order, but that they never sent for the tractor.

On the motion for a directed verdict, it was again insisted by plaintiff that any oral evidence of a warranty, either express or implied, was not competent in view of the contract provision above quoted. The court took this view of the case and sustained the motion for a directed verdict.

The general rule is that parol evidence is not admissible to alter, vary, or change the terms of a written contract. However, this rule does not apply in cases where the parol evidence in no way contradicts or alters, the terms of the written contract, but tends to establish an independent or collateral agreement not in conflict with it. Hines v. Willcox, 96 Tenn., 153, 33 S. W., 914, 34 L. R. A., 824, 832, 54 Am. St. Rep., 823.

It is urged by appellant that there was at least an implied contract that the tractor was fit and suitable for the purposes for which it was sold, and constituted an independent agreement. As above stated, the contract contains an express provision that there are no warranties express or implied, unless indorsed upon the contract in writing. There is nothing in the record that tends to show, or even to suggest, that the defendant was imposed upon in any way by the agent in procuring his signature to the conditional sales contract.

There is no evidence of fraud in procuring the defendant to sign the contract. The contract is presumed to contain the entire agreement by the parties. We are, therefore, unable to see upon what ground or principle that parol evidence could be admitted to vary the terms of this written contract, or to establish an independent warranty. Somerville v. Gullett Gin Co., 137 Tenn., 513, 194 S. W., 576, 577; Jackson v. Texas Co., 10 Tenn. App., 243; White Co. v. Bacherig, 9 Tenn. App., 505.

In the last mentioned case it was said:

"Where the contract of sale of a machine provided that no other warranty than that in the written contract was made was binding, proof of an implied warranty was inadmissible. One cannot recover on an alleged verbal warranty under such circumstances, since verbal warranties are beyond the apparent scope of the agent's authority, and parol testimony is not admissible to vary a written contract."

In the case of Somerville v. Gullett Gin Co., supra, it is said:

"We are of opinion that the plaintiffs cannot recover on this alleged verbal warranty, for two reasons: First, because it was beyond the apparent scope of the agent's authority to have made such a warranty; and, second, because the evidence tending to show that such a warranty was made must be held inadmissible in view of the written contract."

In that case there was a provision in the contract to the effect that no agreement, verbal or otherwise, other than as set forth in the contract, formed any part of the contract. In that case it was also contended that defendant's agent made certain parol warranties in respect to the gins at the time they were sold, and that the agent represented them as being peculiarly adapted to gin long staple cotton which plaintiff grew, and that suit was based in part on a breach of said alleged warranty which was not a part of the written contract.

On the question of an implied warranty that the machine would perform the work for which it was sold, the court in the Gullett Gin Case, in discussing that question, said:

"We think no implied warranty can exist in this case. It is competent for parties to put their entire agreement in writing and to stipulate that no obligation shall rest upon either save as defined by their written contract. This was done here. It was recited that the machinery was sold subject to the warranty expressed on the back of the contract and no other, and that no agreement, verbal or otherwise, other than set forth therein, formed any part of the contract.

"By such provisions as the foregoing we think there is no doubt the seller of an article may exclude any implied warranty that it is fit for the purpose for which it was manufactured. Bagley v. General Fire Extinguisher Co., 150 Fed., 284, 80 C. C. A., 172; Boyer v. Neel, 50 Mo. App., 26; McCormick Harvesting Co. v. Allison, 116 Ga., 445, 42 S. E., 778.

"The parties to this contract in writing agreed that no other warranties existed with respect to these gins, save those set out in the instrument. Why should the court disregard this stipulation?"

In the present case, the contract between the parties is in writing and signed by the respective parties to the contract. There are no written indorsements or agreements indorsed thereon. There is the express stipulation contained in article 4 of the contract that no warranties, express or implied, were made by the seller unless indorsed thereon in writing. It is not contended that there is any written modification or qualification of the contract.

The only defense that the defendant made to the suit was that there had been a parol warranty, and that the warranty had been breached. This defense must fail for the reasons above pointed out.

We find no error in the judgment of the lower court, and it is accordingly affirmed.

The appeal is on the pauper's oath. Appellant will.pay the costs of this appeal.

Heiskell and Anderson, JJ., concur.